Joe Craig McKOWN; Shanna Burt,
Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; Farm Service Agen-
cy; Nancy L. Smith, Acting Director,
Defendants–Appellees.

No. 03–2212.

United States Court of Appeals,
Tenth Circuit.

May 14, 2004.

Eric J. Coll, Clarke C. Coll, Ian D.
McKelvy, Sanders, Bruin, Coll & Worley,
Roswell, NM, for Plaintiff–Appellant.

Raymond Hamilton, Asst. U.S. Attorney,
David C. Iglesias, U.S. Attorney, Office of
the United States Attorney, Albuquerque,
NM, for Defendant–Appellee.

Before EBEL, ANDERSON, and
BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously to grant the parties' request for a
decision on the briefs without oral argu-
ment. See Fed. R.App. P. 34(f); 10th Cir.
R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Plaintiffs-appellants and siblings, Joe
Craig McKown and Shanna Burt, appeal
the final decision of the United States
Department of Agriculture (the USDA)
finding that they have an obligation to
refund $10,598 in overpayment under a
Production Flexibility Contract (PFC) and
that no further payments were due to ei-
ther plaintiff. Plaintiffs-appellants contest
the validity of the USDA's determination
that they must refund the money after the
agency found that they failed to complete
the appropriate forms in a timely way
after filing for bankruptcy. In their argu-
ments, plaintiffs-appellants allege that the
agency misled them about what forms they
were required to complete and that it act-
ed in bad faith during a failed mediation.

The parties appeared by consent and
designation before a magistrate judge for
the District of New Mexico. The magis-
trate judge found that the USDA's actions
had not violated the Administrative Proce-
dure Act, and that the agency was not
bound by conditions that it had accepted
during the course of failed mediation.

We may hear appeals from the decisions
of magistrate judges entered by consent
and designation, see Colo. Bldg. & Constr.
Trades Council v. B.B. Andersen Constr.
Co., 879 F.2d 809, 811 (10th Cir.1989), and
we review conclusions of law de novo. See
Elder v. Holloway, 510 U.S. 510, 516, 114
S.Ct. 1019, 127 L.Ed.2d 344 (1994).

Upon review of the record and the par-
ties' briefs, we AFFIRM the decision of
the magistrate judge for substantially the
reasons stated in his decision. See
McKown v. United States Dep't of Agric.,
276 F.Supp.2d 1201 (D.N.M. 2003).

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.